1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   PHOEBE DACHA,                          No.  2:25-cv-3122 DAD AC PS

11              Plaintiff,

12        v.                                ORDER and

13   MEDICAL BOARD OF CALIFORNIA            FINDINGS AND RECOMMENDATIONS
     and REJI VARGHESE,
14
                Defendants.
15

16

17          Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the

18   undersigned for pretrial purposes by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave

19   to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See

20   28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I.  Screening**

22        A.      Standards

23          The federal IFP statute requires federal courts to dismiss a case if the action is legally

24   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

26   claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

27   Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

28   (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

1  baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

2  (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton

3  Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.

4  1037 (2011).

5       The court applies the same rules of construction in determining whether the complaint

6  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

7  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

8  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

9  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

10  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

11  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

12  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

13  to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

14  556 U.S. 662, 678 (2009).

15       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

16  state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

17  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

19  678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

20  to amend unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

21  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

22  Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

23       B.  The Complaint

24       Plaintiff sues the Medical Board of California and its executive director, Reji Varghese.

25  ECF No. 1 at 2.  As a basis for jurisdiction, plaintiff marks "Federal Question" and lists "42

26  U.S.C. § 1983 (Due Process and Equal Protection Violations)," "5 U.S.C. § 706 (Administrative

27  Procedures Act)," and "28 U.S.C. §1361 (Mandamus jurisdiction)" as the federal claims at issue.

28  Id. at 4.

2

Plaintiff alleges she is a formerly licensed California physician who began a residency program at Geisinger Health in Danville, PA when she was approximately six weeks postpartum. Id. at 5. In 2004, she took time off to complete her U.S. Medical Licensing Examination Step 3. Id. When she returned to Geisinger, she experienced unfair treatment by a few faculty members and her supervisors. Id. Plaintiff was re-assigned to non-clinical duties and not allowed to resume patient care, but the separation from the program was administrative, not disciplinary, and the parties reached a confidential settlement resolving the matter. Id. at 7. Plaintiff alleges that a July 3, 2017 letter from Dr. Michelle Thompson, the Associate Chief Academic Officer for Graduate Medical Education at Geisinger Health System, confirms that plaintiff was not involved in any event requiring reporting to the Joint Commission and successfully completed six clinical and one self-study rotations. Id.

Despite the Geisinger settlement's non-disciplinary nature, the Medical Board of California relied on the Geisinger record to justify imposing a probationary license upon plaintiff on December 28, 2020. Id. Between 2018 and 2020, the Board's actions forced plaintiff's removal from residency for over 18 months and required re-entry under restrictive conditions. Id. In 2023, the Board filed a Petition to Revoke Probation. Id. During negotiations, plaintiff "was informed that signing a Stipulated Surrender of License would 'end probation and conclude the matter.'" Id. Plaintiff understood this to be a non-disciplinary resolution. Id. Without a hearing, the Board accepted plaintiff's surrender on October 24, 2023, and later reported the surrender to the National Practitioner Data Bank (NPDB) as a disciplinary action, which plaintiff alleges is contrary to 45 C.F.R. Part 60 and the board's own representations. Id. at 7-8.

The Board's "misclassification and republication of this false disciplinary designation" has caused plaintiff to lose licensing and face reciprocal action in other states. Id. at 8. Plaintiff seeks a writ of mandamus ordering defendants to correct the 2023 NPDB classification and notify all recipients, injunctive relief prohibiting further dissemination of the false disciplinary notation, and alternatively, an award of damages.

C. Analysis

It is clear from the outset that, based on the facts alleged, this case cannot proceed. The

3

undersigned recommends dismissal for the reasons that follow.

1.  Plaintiff's §1983 Claims are Barred by the Eleventh Amendment

First, plaintiff's claims for damages are barred by the Eleventh Amendment, which bars any suit for monetary relief against a state or state agency absent a valid waiver or abrogation of its sovereign immunity.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890); Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1511 (9th Cir. 1994), overruled in part on other grounds by Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers, 941 F.3d 1195 (9th Cir. 2019) (the Eleventh Amendment does not bar injunctive relief).  The Medical Board of California is a state agency to which the Eleventh Amendment applies.  Yoonessi v. Albany Med. Ctr., 352 F. Supp. 2d 1096, 1104 (C.D. Cal. 2005) ("the Medical Board of California, as a state agency, is entitled to sovereign immunity.").

"The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court."  Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999).  Accordingly, plaintiff's constitutional claims brought pursuant to §1983 cannot proceed against the Medical Board of California.  Nor can the claims proceed against defendant Reji Varghese, the Executive Director of the Medical Board.  A state official sued in his official capacity is also entitled to Eleventh Amendment immunity.  Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995), as amended (Jan. 23, 1996).  "In determining whether a suit is an individual- or official-capacity suit, the court must consider the 'essential nature' of the proceeding."  Id. "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."  Ford Motor Co. v. Dep't of Treasury of Indiana, 323 U.S. 459, 464 (1945), overruled in part on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613 (2002).  Here, though plaintiff does not expressly state whether Varghese is sued in his individual or official capacity, there are no allegations specifically mentioning Varghese in the complaint; he appears to be named in the suit only as a proxy for the Board itself.  ECF No. 1 at 2.  Accordingly, the undersigned concludes that plaintiff's claims for damages under §1983 are barred by the Eleventh Amendment.

4

1    2.   Plaintiff's Process-Based Claims Fail as a Matter of Law

2         Plaintiff asserts that her property interest in her "license and professional reputation" was

3    denied when "without adequate notice, hearing, or opportunity to respond, in violation of the

4    Fourteenth Amendment and the Administrative Procedures Act" the Medical Board accepted the

5    voluntary surrender of her license and then reported that surrender to the National Practitioner

6    Data Bank ("NPDB") as a disciplinary action, which she alleges is contrary to 45 C.F.R. Part 60.

7    ECF No. 1 at 7-8.  First, the court notes that 45 C.F.R. Part 60.9(a)(3) actually *requires* the

8    Medical Board to report to the NPDB any "loss of license . . . whether by operation of law,

9    voluntary surrender, nonrenewal . . . or otherwise."  Second, plaintiff points to no authority

10   indicating that she was entitled to any kind of hearing upon her decision to voluntarily surrender

11   her license, and the court is aware of no such authority.  Third, 5 U.S.C. § 706, the Administrative

12   Procedures Act, applies to federal agency actions; it does not apply to state agencies such as the

13   Medical Board of California.  Black Dog Outfitters, Inc. v. Idaho Outfitters & Guides Licensing

14   Bd., 873 F. Supp. 2d 1290, 1298 (D. Idaho 2012) (quoting Southwest Williamson County

15   Community Ass'n, Inc. v. Slater, 173 F.3d 1033, 1035 (6th Cir.1999) ("By its own terms, the

16   APA does not apply to state agencies.")).

17        Finally, even if plaintiff could point to some colorable claim related to the Medical

18   Board's acceptance of the surrender of her license and the subsequent required reporting thereof,

19   the California Medical Board and the associated individuals processing the disciplinary action

20   against plaintiff that resulted in the voluntary surrender of her license are immune from suit.

21   There is a line of "well-established case law holding medical board officials entitled to absolute

22   immunity for their quasi-judicial and quasi-prosecutorial functions."  Olsen v. Idaho State Bd. of

23   Med., 363 F.3d 916, 923–24 (9th Cir. 2004).  Accordingly, plaintiff's claims cannot succeed.

24   3.   Plaintiff's Mandamus Act Claims Fail to State a Plausible Claim

25        A writ of mandamus is available "to compel an officer or employee of the United States or

26   any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Here, plaintiff

27   impermissibly seeks to compel action by a state entity, the California Medical Board.  This court

28   cannot use the writ of mandamus to compel the California Medical Board to alter its records or

1    reports regarding plaintiff.  See Demos v. United States Dist. Court, 925 F.2d 1160, 1161-1162

2    (9th Cir. 1991) ("Thus, to the extent that [plaintiff] attempts to obtain a writ in this court to

3    compel a state court to take or refrain from some action, the petitions are frivolous as a matter of

4    law."); Robinson v. Cal. Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Nor

5    can this Court treat the plaintiff's complaint as a request for writ of mandamus since federal

6    courts are without power to issue writs of mandamus to direct state agencies in the performance

7    of their duties.").  Accordingly, as a matter of law, this claim cannot proceed.

8                        **II.  Leave to Amend is Not Appropriate**

9        Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted

10   liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith,

11   prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

12   1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that

13   leave to amend would be futile and should therefore not be granted.

14                        **III.  Plaintiff's Additional Motions**

15       A.  Motions for Restraining Order/Shortening Time

16       The court recommends that plaintiff's motions for a temporary restraining order and

17   motion for an order shortening time (ECF No. 4, 5) be DENIED as MOOT in light of the analysis

18   above and the recommendation that this case be dismissed.

19       B.  Motion to Proceed Under a Pseudonym

20       Plaintiff moves to proceed under a pseudonym.  ECF No. 3.  Ordinarily, the title of a

21   complaint must name all the parties.  Fed. R. Civ. P. 10(a). "The normal presumption in litigation

22   is that parties must use their real names."  Doe v. Kamehameha Sch., 596 F.3d 1036, 1042 (9th

23   Cir. 2010).  However, courts "allow parties to use pseudonyms in the 'unusual case' when

24   nondisclosure of the party's identity 'is necessary .... to protect a person from harassment, injury,

25   ridicule or personal embarrassment.'"  Does I thru XXIII v. Advanced Textile Corp., 214 F.3d

26   1058, 1067-68 (9th Cir. 2000) (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir.

27   1981)).  To determine whether a party may proceed under a pseudonym, the court balances "the

28   party's need for anonymity" with the "prejudice to the opposing party and the public's interest in

knowing the party's identity." Id. at 1068.  Here, there is no need for anonymity.  As plaintiff acknowledges in her motion, her name is already publicly linked to her medical license and the surrender thereof.  ECF No. 3 at 2.  Though plaintiff contends that publicly filing this case under her name would "invite renewed or increased harassment," the public nature of the issues in this case is already established and accordingly there is no benefit to concealing plaintiff's identity here.  There being no need for anonymity, the motion is denied.

C.  Motion to E-File

Plaintiff moves to file documents electronically.  ECF No. 4.  The undersigned has reviewed the filing and denies the motion in part.  Although the Eastern District of California is an electronic management/filing district, unrepresented persons are required to file and serve paper documents unless the assigned District Judge or Magistrate Judge grants leave to utilize electronic filing.  L.R. 133(a), (b)(2).

Although the motion is denied with respect to utilizing the CM/ECF system to file documents and plaintiff will continue to file paper documents with the Court through conventional means, the motion is granted with respect to electronic service of documents.  Plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail pursuant to FRCP 5(b)(2)(D).

**IV.  Pro Se Plaintiff's Summary**

The Magistrate Judge has granted your request to proceed without paying filing fees but is recommending that your case be dismissed.  Dismissal is recommended because the Medical Board and its offices acting in their official capacities are immune from suits for damages under § 1983, and because your allegations do not support any legal claim that can proceed in federal court.  You may object to this recommendation within 21 days if you wish to do so.  The District Judge will make the final decision.

**V.  Conclusion**

It is HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed IFP (ECF No. 2) is GRANTED;

2.  Plaintiff's motion to proceed under a pseudonym (ECF No. 3) is DENIED; and

3. Plaintiff's motion to e-file (ECF No. 4) is DENIED in part and GRANTED in part. The Clerk is DIRECTED to configure plaintiff's account so that plaintiff will receive immediate email notifications when documents are filed in the case. Plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail pursuant to FRCP 5(b)(2)(D).

Further, IT IS HEREBY RECOMMENDED that that the complaint (ECF No. 1) be DISMISSED, that the motion for a temporary restraining order (ECF No. 5) and an order shortening time (ECF No. 6) be DENIED as MOOT, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 6, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE