UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOEBE DACHA,<br>Plaintiff,<br>v.<br>MEDICAL BOARD OF CALIFORNIA AND REJI VARGHESE,<br>Defendants. | No. 2:25-cv-03122 DAD-AC PS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER SHORTENING TIME, AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND CLAIMS<br><br>(Doc. Nos. 5, 6, 9) |

Plaintiff Phoebe Dacha is proceeding *pro se* and *in forma pauperis* in the above-captioned civil action. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On January 7, 2026, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motions for a temporary restraining order and for an order shortening time (Doc. Nos. 5, 6) be denied and that, upon screening, plaintiff's complaint be dismissed without leave to amend due to plaintiff's failure to state a cognizable claim. (Doc. No. 9.) Specifically, the magistrate judge concluded that plaintiff's claim for the award of damages against the defendants, sought as alternative relief, were barred by the Eleventh Amendment. (*Id.* at 4.) Next, the magistrate judge found that plaintiff's process based claim, in which she asserts that she is entitled to a process by which to correct what she contends is the erroneous reporting

of her voluntary surrender of her medical license as a disciplinary action, fails as a matter of law because federal regulations mandated the reporting, no authority exists for the proposition that plaintiff was entitled to a hearing or such process and, in any event, the named defendants in this action are immune from suit in this context. (*Id*. at 5.) The magistrate judge also concluded that to the extent plaintiff seeks a writ of mandamus requiring the California Medical Board to take certain actions it clearly failed to state a cognizable claim. (*Id.* at 5–6.) Having concluded as such, the magistrate judge also recommended that plaintiff's motion for a temporary restraining order be denied and that her motion for an order shortening time be denied as moot. (*Id.* at 6–8.) Finally, the magistrate judge recommended that plaintiff's complaint be dismissed with prejudice because the granting of leave to amend would be futile in light of the nature of the deficiencies noted. (*Id.* at 6.)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days of service. (*Id.* at 8.) On January 28, 2026, the court received plaintiff's objections to the pending findings and recommendations. (Doc. No. 10.) On January 28, 2026, plaintiff also filed a notice of supplemental authority. (Doc. No. 13.) Finally, on January 29, 2026, plaintiff filed another copy of her objections which appear identical to those filed on January 28, 2026. (Doc. No. 14.)

In those objections plaintiff argues only that she does not seek review of the Medical Board's order regarding the surrender of her medical license nor challenge the Board's mandatory reporting of that order, but instead challenges only the absence of any-post order process pursuant to which she can seek to clear her name and stop the further dissemination of the reported information. (Doc. Nos. 10, 14.) Plaintiff's objections do not provide a basis upon which to reject the findings and recommendations which spurned this argument in finding that plaintiff's processed based claims against the named defendants and request for the issuance of a writ of mandamus failed to state cognizable claims. (Doc. No. 9 at 5–6.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on January 7, 2026 (Doc. No. 9) are adopted in full;
2. Plaintiff's motion for a temporary restraining order (Doc. No. 5) is denied;
3. Plaintiff's motion for an order shortening time (Doc. No. 6) is denied as having been rendered moot;
4. Plaintiff complaint is dismissed for failure to state a cognizable claim without leave to amend; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 17, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE